E. GRADY JOLLY, Circuit Judge,
concurring:
We have decided that because Gray Law did not make full written disclosure to Huekabee, under § 417.003(b) it may not receive any benefit from the agreement it shared with Transcontinental. I write separately here to explain how this case may have been different if the parties had complied, not only with the Texas Workers’ Compensation Act, but also with the Texas Disciplinary Rules of Professional Conduct.
The Texas Workers’ Compensation Act, § 417.002, requires a worker who recovers in a third-party action to reimburse a carrier for benefits paid for the compensable injury. The carrier thus has a statutory lien on any recovery from a third-party in an amount equal to benefits paid. That lien arises by statute; the carrier need not negotiate with the worker or the worker’s attorney to recover that amount. Under settled Texas law, the carrier is entitled to what is called “the first money.” This means that the carrier is to be reimbursed first. In other words, neither the worker nor his attorney may take from the recovery until the carrier has been paid in full. See Tex. Comm, on Profl Ethics, Op. 549 (2003) (citing Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865 (1952)).
Thus, an attorney who deducts his contingency fee before the gross recovery has been reduced by the carrier’s lien walks away with a share that is greater than that to which he is entitled. Here, for example, Gray Law deducted its forty percent contingency fee from the gross recovery. Gray Law thus walked away with $1,808,180, including expenses, in first money.
The Texas Supreme Court Professionalism Committee has called this first-money deduction for attorneys’ fees unconscionable. Rule 1.04(a) of the Texas Disciplinary Rules of Professional Conduct states:
A lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or unconscionable fee. A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable.
Reading Rule 1.04(a) in conjunction with § 417.002, the Professional Committee has explained that:
[The worker and his attorney] have no right to the funds due to the compensation carrier. A fee that includes in its calculation funds to which [the worker] has no rights is unconscionable and violates Rule 1.04(a) of the Texas Disciplinary Rules of Professional Conduct. A competent lawyer could not form a reasonable belief that the fee charged under the proposed division is reasonable.
Tex. Comm, on Profl Ethics, Op. 549 (2003).
*371 Gray Law complains in this action that it has been wrongly denied a fee to which it is entitled. Apparently it escapes Gray Law’s attention that its own fee arrangement was irregular. By deducting its fee before the gross recovery was reduced by Transcontinental’s lien, Gray Law appears to have taken more than that to which it was entitled. But more importantly, Gray Law, to its client’s detriment, seems to ignore its agreement with Transcontinental — that its client is entitled to a one-third reduction of Transcontinental’s lien, not that Gray Law is entitled to claim one third of Transcontinental’s subrogation recovery.
It is disappointing that the parties have proceeded oblivious to the rights of the worker for whose benefit the agreement should have been entered. Transcontinental agreed to reduce its lien by one third in exchange for Gray Law’s representation of its interests, which expressly it did not do. There is no doubt that Gray Law performed to Transcontinental’s benefit. We do note, however, that although its lien was worth approximately $1,646,000, Transcontinental settled for $1,400,000 and agreed to waive its statutory right to suspend future workers’ compensation benefits; although Transcontinental may have been the beneficiary of a “free ride” at Gray Law’s expense, Gray Law’s client benefitted from Transcontinental’s concessions.